IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 7:13-CV-279-BO

| | |
|---|---|
| LEWIS B. MORGAN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 23 & 25]. A hearing on this matter was held in Elizabeth City, North Carolina on November 12, 2014 at 11:00 a.m. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

On March 30, 2014, plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging disability since January 14, 2009. Plaintiff's application was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") then held a hearing on August 23, 2012, at which plaintiff, his attorney at the time, and a Vocational Expert ("VE") appeared. At the hearing, plaintiff amended his alleged onset date to June 3, 2009. The ALJ decided that plaintiff was not disabled within the meaning of the Act from June 3, 2009 through September 13, 2012, the date of the ALJ's decision.

Plaintiff is currently 51 years old. He was enrolled in special education classes and completed the 8th grade. In 1977, at the age of 14, Mr. Morgan scored a 70 on the California

Test of Mental Maturity. Plaintiff suffers from coronary artery disease, tobacco abuse, post-coronary artery bypass grafting, post percutaneous transluminal coronary angioplasty, chronic costochondritis (inflammation of the ribs causing chest pain), rotator cuff issues, and depression. Plaintiff held semi-skilled work for 30 years as a brick layer and concrete layer. Mr. Strickland is 58 years of age and has an eighth grade education. Mr. Strickland complains of chronic pain in his left shoulder, elbow, and wrist, and arthritis, chronic obstructive pulmonary disease, shortness of breath, peripheral vascular disease, and degenerative disc disease. The relevant time period in this case is from January 2, 2008 through December 31, 2009 – plaintiff's date last insured.

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments

significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the plaintiff alleges that the ALJ erred at step three by not finding that Mr. Morgan met Listing 12.05C. Plaintiff posits that he suffers from mild mental retardation and has a physical or other mental impairment which imposes significant and additional work related limitations of function, along with evidence of substantial deficits in adaptive functioning and therefore meets Listing 12.05C. Here the ALJ did not discuss Listing 12.05C at all in his opinion. [Tr. 30–33]. The ALJ's failure to consider Listing 12.05C in this instance, where there is obviously evidence that may support the listing, is clear error. However, the proper remedy here is remand. *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (insufficient legal analysis by ALJ requires remand). Here, similar to *Radford*, it appears that a fair amount of evidence in the record is supportive of plaintiff's claim. Therefore, the Court remands the matter to the ALJ with instructions to consider Listing 12.05C. The ALJ should further examine whether plaintiff's

3

impairments or combination of impairments are "of equal medical significance to those of a Listed Impairment." 20 C.F.R. § 404.1526(b)(3).

## **CONCLUSION**

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED.

This **13** day of November, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE